NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LEAH and ALLAN ABUCAY, CIRO and FRANCA CONTI, CONDIONESTO and CARMENCITA TIROL, | : : : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : : | **OPINION** |
| v. | : : : | Civil Action No. 11-CV-05539 (DMC)(JAD) |
| HOMEEQ SERVICING, JOHN DOE 1-10, | : : : : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon motion by Defendant HomeEq Servicing ("Defendant" or "HomeEq Servicing") to dismiss the Complaint of Plaintiffs Leah and Allan Abucay, Ciro and Franca Conti, Condionesto and Carmencita Tirol (collectively "Plaintiffs"), pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendant's motion to dismiss is **granted**.[1]

---

[1] The Court notes that the instant motion is one of many before this Court in twenty-five related matters filed between September 22 and 23, 2011 following the dismissal of Almazan, et al v. 1st 2nd Mortg. Co. Of N.J., Inc., et al., No. 10-1336, 2011 WL 2652149 (D.N.J. June 30, 2011). After reviewing the complaints in each of the related matters, it appears that all of the complaints are substantively the same in several material regards and appear to be variations on the same formulaic complaint. As a result, the complaints all suffer from the same deficiencies, namely a failure to plead a plausible claim to relief. Accordingly, the Court will simultaneously decide the twelve motions presently before it and dismiss the complaints in the following cases: Lelina v. 1 st 2nd Mortgage Co. of NJ, Inc. (11-5517); Abanto v. Bank of America, N.A. (11-

## I.    BACKGROUND[2]

This case arises out of the alleged predatory lending practices perpetrated by Defendants during mortgage transactions entered into with Plaintiffs on their subject properties. Pls.' Compl. ¶ 2.  Plaintiffs allege numerous Federal and State law claims, including but not limited to the Federal Truth in Lending Act and Regulation Z, the Federal Real Estate Settlement Procedures Act, the Home Ownership and Equity Protection Act, the Federal Racketeer Influenced and Corrupt Organizations Act, the Fair Debt Collection Practices Act, the Fair Credit Report Act, State and Federal High Cost Loan Statutes, the New Jersey Consumer Fraud Act, the New Jersey Lenders' Liability Law, the New Jersey RICO statutes, breach of contract, fraud and misrepresentation, negligence, among others. Pls.' Compl. ¶ 2.

The Complaint in the instant matter was filed following the dismissal of the class action suit in Almazan, et al v. 1st 2nd Mortg. Co. Of N.J., Inc., et al., No. 10-1336, 2011 WL 2652149 (D.N.J. June 30, 2011)(Civ.A.No. 10-1336, ECF No. 191).   The complaint in Almazan was dismissed without prejudice on the grounds that Plaintiffs failed to adequately put any Defendants on notice

---

5519); Estacio v. Deutsche Bank Nat'l Trust Co. (11-5522); Abucay v. GMAC Mortgage Corp. (11-5523); Salazar v. Nat'l City Bank (11-5528); Isip v. Nationstar Mortgage, LLC (11-5529); Coolack v. Select Portfolio Servicing, Inc. (11-5531); Magat v. US Bank Nat'l Assoc. (11-5534); Flores v. Wells Fargo, N.A. (11-5535); Cerciello v. First Franklin Loan Services (11-5536); Auletta-Segura v. Green Tree Servicing, LLC (11-5538); and Abucay v. HomeEq Servicing (11-5539).  This Court also notes that three related cases have already been dismissed by this Court on the same grounds. See Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724 (D.N.J. Jan. 27, 2012)(JLL); Aquino v. Aurora Loan Services, LLC, No. 11-5518, 2012 WL 2514844 (D.N.J. June 28, 2012)(DMC); and Flores, et al. v. HSBC, et al, No. 11-5525, 2012 WL 2522987 (D.N.J. June 29, 2012)(DMC).

[2] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

of any specific claims. (Civ.A.No. 10-1336, Opinion adopting Report and Recommendation June

2, 2011, at p. 7, ECF No. 185).  Specifically, the Court noted that Plaintiffs' Complaint "[did] not

inform any reader what the Defendants did wrong, to whom they did it, or when they did it."Id.

Plaintiffs were directed to re-file separate complaints against only those Defendants that were

involved in their respective loans.  Further, Plaintiffs were admonished, under the principles of

Younger Abstention, to consider the existence of any pending state foreclosure or federal bankruptcy

proceedings in determining whether to file a federal law suit. Id. at 9.   Finally, the Court found

Defendants' arguments regarding Plaintiffs' counsel's failure to comply with the Local Civil Rule

11.2, which directs a party to disclose whether the matter in controversy is the subject of any other

action pending in any court, were well founded. Id.  The Court warned that "[a] second round of non-

compliance with that Rule will result in sanctions upon the filing of the appropriate motions." Id.

Defendant HomeEq Servicing ("HomeEq Servicing") is a mortgage loan originator in the

United States and is named in the Complaint as a parent company of its acquired lenders or

subsidiaries residential mortgage-lending operations, as well as on the belief that HomeEq Servicing

directed, participated in and/or influenced the setting and establishing of credit-relating policies and

underwriting guidelines and practices used by each of the other Defendants.  Pls.' Compl. ¶¶ 6-7.

Plaintiffs' Complaint provides John Doe 1-10 as the alleged subsidiaries or acquired lenders of

HomeEq Servicing. Pls.' Compl. ¶ 8.  Plaintiffs allege that the Defendants collectively established

policies for retail and wholesale access to their loan products and that each Defendant directed,

participated in and/or influenced the setting and establishing of credit-related policies, procedures,

practices and underwriting guidelines used by each of the other Defendants. Pls.' Compl. ¶¶ 9-10.

The Complaint only provides details concerning the Conti Plaintiffs' mortgage.[3]  Specifically,

the Complaint provides:

**Ciro and Franca Conti**

77. Clients (Francesca and Ciro Conti) executed a note and mortgage to the Argent Mortgage Company, LLC. in the amount of $198,000.00 on 10/6/2004 and NO RECORDED DATE. On 3/12/2008 an Assignment of Mortgage was executed by Noriko Colston in the Assignment of Mortgage neither she/he is the President or Vice President of Argent Mortgage Company, LLC. to WELLS FARGO BANK, NA and recorded on July 4/23/2008. The mortgage alleged went in default. A Foreclosure Complaint was filed by BARCLAYS CAPITAL REAL ESTATE, INC. D/B/A HOMEQ SERVICING.

78. The mortgage noted was in the amount of $198,000.00 Adjustable Rate Note (LIBOR INDEX - RATE CAPS) of initial rate of 8.450% will increase up to 14.450% on a monthly treasury average index - payment and rate caps. On the first change of the rate will increase 6.000% plus one eight of one point and in the addendum documents to the adjustable rate note the yearly rates is 9.875%. In the Uniform Residential Application supplied unsigned to the borrower the initial interest rates is 8.450% with an ARM Programs (Variable Rate Mortgage Program) and at the time of the written application the interest rates is "blank". The handwritten application was executed on unknown date and the Regulation Z requires the (3) days equivalent to 72 hours to acknowledged the Good Faith Estimate and was not signed on without detailing the adjustment. This is a pattern of fraudulent documents and "bathe and switch" lending practice. The borrowers paid closing costs plus the interest to increase to 14.450% and premiums or yield spread.

79. The initial payment monthly was $1,515.44 and will increased and the same was never disclosed and provided any documents. In the foreclosure complaint filed with the attached copy of the signed Adjustable Note Mortgage documents Ciro Conti did not signed the mortgage note. The Clients were not given copies of the SIGNED Mortgage Loans Documents, such as handwritten and typewritten mortgage loan application, Good Faith

---

[3]As noted in Gutierrez, the Complaint in this action, as well as in each related action, essentially constitutes a re-filing of the original complaint from Almazan. 2012 WL 272807, at *1. Judge Linares noted that the new complaints "siphoned off the individual lender Defendants named in the Original and Amended Complaints into separate actions" and refiled the complaint "slightly modified and tailored to each individual lender with a short section of around ten numbered paragraphs detailing the facts of the specific named Plaintiffs with whom each Defendant had made mortgage loans." Id.  As a result of this apparent re-filing, the counts alleged in each complaint are identical, down to their numeric order.  As noted by Judge Linares, the only apparent difference among the Complaints are the addition of facts particular to each named Plaintiff.

Estimate and Truth in Lending (TILA) statements, Amortization Schedule, Settlement Statements, Notice of Rights to Rescind at Closing, Mortgage, Mortgage Note, disclosures and all documents regarding the mortgage signed to Argent Mortgage Company, LLC.

80. The assignment of mortgage signed by the President and Vice President of Argent Mortgage Company, LLC. to WELLS FARGO BANK NA as TRUSTEE on 3/12/2008 and recorded to the Bergen County, Register of Deeds on 4/23/2008, Book No. 1425 and Page No. 78 with Receipt No. 38572 dated 4/23/2008. NORIKO COLSTON who resides in Sacramento, CA was not the President/Vice President of ARGENT MORTGAGE COMPANY, LLC. and the company filed for Bankruptcy protection.

81. The Clients, FRANCESCA CONTI does not work and speaks only Italian language, both receives from Social Security $1,000.00 total and both husband wife has no knowledge in real estate finance.

82. The Clients was not provided completed and signed Uniform Residential Loan Application (1003), TIL Statement, Amortization Schedules, or Verification Statements for Employment and either a pro forma or Financial Statements. The Federal Disclosure Statement was not provided.

83. The HUD-1 closing statement at the time of the closing is different from the Good Faith Estimate and TILA Statements. At closing the Client needs an explanation of the documents and no one from the ARGENT MORTGAGE COMPANY, LLC. was present.

84. The clients were never informed that the mortgage will be sold WELLS FARGO BANK, NA and the validity of the Assignment of Mortgage and documents are in question. Barclays Capital Real Estate, Inc. d/b/a HOMEQ SERVCING had no interest in the mortgage and no Assignment of Mortgage ever signed by Wells Fargo Bank, NA to Barclays Capital Real Estate, Inc. The BARCLAYS CAPITAL REAL ESTATE, INC. d/b/a HOMEQ SERVICING was NOT the owner at the time of the foreclosure complaint in due course.

85. The value of the property seems to be overstated. The value of the property currently is $175,000.00.

86. The Clients (FRANCESCA AND CIRO CONTI) has NO ability to repay with the mortgage extended. Argent Mortgage Company, Inc. did not offered better financing of residential fixed mortgage for 30 years. Instead, the Client was given a Variable & Adjustable Rate Mortgage without their understanding.

87. The financing extended to the Client appeared to be a Sub-prime nature it is clear they do not have the ability to pay. Instead the Clients were given a bad mortgage in order the Lending Company and the 3rd Party will received more revenues and enriched for themselves.

88. Some documents were signed at settlement date and different from the original documents presented during the processing of the mortgage loan application. Signed documents including the TIL (Truth In Lending), including APR (Annual Percentage Rates), finance charges, amount to be financed and total payments were not disclosed in a clear conspicuous manner as to reflect the legal obligations of the parties. Neither were these disclosures segregated from other information in a consumer-keep able format.

89. Absent proper consumer notification cited above, and with no proper HOEPA notice, written in conspicuous type size forthcoming, the Lender seem seriously deficient in disclosures.

90. The Lender's should have been more aware of the economic winds and have insisted on greater applicant equity and subsequently followed a more conservative lending policy to offset the pending value decline.

91. Argent Mortgage Company, LLC. made numerous material representations to the Borrowers (FRANCESCA and CIRO CONTI) deleterious effects of variable rate interest calculation and the structure of the financing. ARGENT MORTGAGE COMPANY, LLC. clearly mislead, cheated, lied and violated the Borrowers trust in order to benefited large amount of revenue. The appeal of the balloon payment is suspect since it makes the payments appear artificially low and understates the extraordinary Final Payment.

92. The executed Assignment of Mortgage by Noriko Colston, President and Vice President of ARGENT MORTGAGE COMPANY, LLC. is in question. She never had been an Officer of ARGENT MORTGAGE COMPANY, LLC. and records shows that BARCLAYS CAPITAL REAL ESTATE, INC. d/b/a HOMEQ SERVICING filed the foreclosure complaint against Clients (FRANCESCA AND CIRO CONTI).

93. The pattern of irregularities, unrealistic asset-based reliance, flagrant lack of disclosures, and under-emphasis on liquidity contributed to predatory lending. The deceptive practices misrepresent the best interest of the Borrowers. The Variable & Adjustable Rate Mortgage Note sets a stage of unrealistic expectations payment in the future and steady increase of monthly payments are not at all serving the best interest of the Borrower. The initial appraised value is over stated conspired transaction never disclosed causing irreparable harm to the legitimate Borrowers.[4]

As demonstrated above, the only allegations specific to any named Defendant are that Barclays

---

[4]As will be discussed in greater detail below, these allegations closely mirror those highlighted as factually deficient in the dismissal of the Gutierrez action. There, Judge Linares found such allegations to "mimic the generality and legally conclusory statements made in the rest of Plaintiffs' Complaint." 2012 WL 272807, at *4.

Capital Real Estate Inc., doing business as HomeEq Servicing, was the entity to foreclose upon the home despite the allegation that it was not the owner of the debt at the time of foreclosure. Plaintiff does not provide any further allegations specific to HomeEq Servicing. The remaining Plaintiffs Leah and Allan Abucay as well as Cedionesto and Carmencita Tirol merely allege that they "[h]ave a similar situation with the rest of Plaintiffs given here." No further factual allegations are provided concerning said Plaintiffs' mortgage transactions.

For the following reasons, this Court finds that the aforementioned allegations in connection with the remaining general statements provided throughout the rest of the Complaint are insufficient to state a claim upon which relief can be granted. Defendants Motion to Dismiss is therefore **granted.**

## II.     MOTION TO DISMISS

### A.     LEGAL STANDARD

1.     Standard of Review for Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(6)

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain,

478 U.S. 265, 286 (1986).  Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the Defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, 2009 WL 3806296,  *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

2. FED. R. CIV. P. 9(b)

Fraud-based claims are subject to FED. R. CIV. P. 9(b).  Dewey v. Volkswagon, 558 F. Supp. 2d 505, 524 (D.N.J. 2008) ("[New Jersey Consumer Fraud Act] claims 'sounding in fraud' are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b).").  Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  A Plaintiff must state the circumstances of the alleged fraud "with sufficient particularity to place the Defendant on notice of the 'precise misconduct with which [it is] charged.'" Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citing Lum v. Bank of America, 361 F.3d 217, 223-224 (3d Cir. 2004).  To satisfy this standard, the Plaintiff must plead or allege the

date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id.

### B.   DISCUSSION

Plaintiffs' Complaint suffers from many of the same pleading deficiencies that were noted in the Almazan case, as well as the dismissals of several similar complaints to follow. Accordingly, this Complaint must also be dismissed. As previously noted, this Court explained that the complaint in Almazan "[did] not inform any reader what the Defendants did wrong, to whom they did it, or when they did it." Although Plaintiffs may have cured the "who" deficiencies by filing this separate complaint against those Defendants who were allegedly involved in their respective loans, Plaintiffs' Complaint in this action remains deficient regarding the "what" and "when" of Defendants alleged conduct.[5] Such pleading deficiencies fail to properly place Defendants on notice of "any specific acts that it or [its subsidiaries] committed during the course of its mortgage transactions with Plaintiffs." Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724, at *11. (D.N.J. Jan. 27, 2012).

This Court has already found occasion to dismiss three similarly pled complaints filed in the wake of the Almazan dismissal. Of particular note is the case of Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724. (D.N.J. Jan. 27, 2012) in which the Honorable Jose L. Linares provided an in depth discussion regarding the sufficiency of Plaintiffs' complaint. There, on the basis of a similarly pled complaint to that in issue here, Judge Linares found that "as a general matter, the paragraphs in the complaint [did] not adequately put Defendant [ ] on notice of any specific claims linked to specific acts that it or the John Doe Defendants committed during the

---

[5]This Court notes here that several of Plaintiffs' pleadings do not even appear to remedy the "who" deficiency as they fail to implicate any of the Defendants named to this action.

course of its mortgage transactions with the Plaintiffs." Gutierrez v. TD Bank, 2012 U.S. Dist.

LEXIS 10724, at * 11.  Rather, the Court found that the specific facts addressing the mortgage

transactions between Defendant and Plaintiffs were "scarce," "while the Complaint extensively states

and restates legally conclusory statements regarding Defendant's wrongful conduct as defined

exclusively within the terms of the relevant statutes or case law authority."Id. at *17.   By way of

example, Judge Linares found that, given the allegations raised by the complaint, Plaintiffs failed

to indicate:

> which exact disclosures required by law were not provided; the nature and extent of any
> credit reporting which occurred by Defendants in violation of federal law; what, if anything,
> was inaccurate about such reporting; the substance of any written notices to Plaintiffs which
> violated their rights under state law; which terms of any contract were breached by
> Defendants; the nature of the emotional distress suffered by Plaintiffs; what, if any, benefit
> Defendants may have obtained due to alleged inaccuracies represented to Plaintiffs as
> amounts owed for any loans; what representations, if any, Plaintiffs made to Defendants
> regarding their financial circumstances and their "ability to repay" justifying their allegations
> regarding Defendants predation, and so on.

Gutierrez, 2012 U.S. Dist. LEXIS 10724, at * 17-18.  Finally, the Court took issue with the fact that

Plaintiffs' opposition failed to cite to any paragraphs in the complaint "wherein facts relevant to their

alleged claims are discernable." Id. at *18.

This Court followed suit from Gutierrez with the dismissal of the complaints in Aquino v.

Aurora Loan Services, LLC, No. 11-5518, 2012 WL 2514844 (D.N.J. June 28, 2012) and Flores, et

al. v. HSBC, et al, No. 11-5525, 2012 WL 2522987 (D.N.J. June 29, 2012).  In Aquino and Flores,

the Court found that the Plaintiffs were similarly deficient in their pleadings and therefore failed to

state a claim upon which relief might be granted.  Plaintiffs now present identical claims to those

raised in Gutierrez, Flores, and Aquino, as well as nearly identical factual allegations, with the

exception of the inclusion of the specific details of each Plaintiff's mortgage summarized above.

10

Consequently, Plaintiffs' Complaint suffers from the same factual deficiencies highlighted in the preceding caselaw and must therefore be dismissed.[6]

The Third Circuit has held that "[a]lthough a Plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently 'permit the court to infer more than the mere possibility of misconduct.'" Guirguis v. Movers Specialty Servs., 346 Fed. App'x. 774, 777 (3d Cir. 2009), citing Iqbal, 129 S.Ct. at 1950. Here, Plaintiffs' Complaint is almost entirely a recitation of legal conclusions closely mirroring the language of the statutes Defendants are claimed to have violated. Indeed, the Complaint does more to inform this Court of the state of the law than it does to inform the Court of the facts upon which Plaintiffs' claims are based. Such pleading leaves this Court unable to discern the appropriate causes of action for which Defendants might plausibly be held accountable. Moreover, the Court is left with the impression that either Plaintiffs are unable to identify the true nature of the causes of action they allege, or that Plaintiffs allege that Defendants have violated each statute in virtually every way conceivable. Plaintiffs must provide some grounds upon which this Court may assess the sufficiency of each of the claims asserted, yet they have failed do more than vaguely allege that Defendant was a participant

---

[6]The Court also notes that claims common to both the Gutierrez and the instant action were dismissed in Gutierrez as not cognizable as a matter of law. 2012 U.S. Dist. LEXIS 10724, at *35. Such claims include (1) furnishing inaccurate information to credit agencies (Count 5); (2) failure to correct inaccurate reporting (Count 6); (3) failure to provide required notices and disclaimers (Count 7); (4) predatory and negligent lending (Counts 10 and 28); (5) New Jersey Licensed Lenders Act (Count 11); and (6) unfair business practices (count 16). The Court in Gutierrez found that the aforementioned counts should be dismissed on the grounds that they were redundant or failed to cite to any law or statute supporting a claim independent of the claims already raised. The Court therefore dismissed the aforementioned claims without prejudice "to Plaintiffs' amendment of any claims asserted therein which do not duplicate other claims already stated in Plaintiff's complaint." Id. at *40. This Court echoes the conclusions drawn in Gutierrez in further support of the dismissal of the aforementioned claims.

in some of the Plaintiffs' mortgage transactions.

Accordingly, this Court finds that the entirety of Plaintiffs' Complaint fails to plead with the requisite particularity to satisfy even the liberal pleading standards of Rule 8(a), let alone the heightened pleading standard for Plaintiffs' fraud-based allegations under Rule 9(b).[7] Plaintiffs' Complaint must therefore be dismissed.[8]

### III.   CONCLUSION

Accordingly, as this Court finds that Plaintiffs have failed to state a claim upon which relief can be granted,  Defendant's motion to dismiss is **granted without prejudice**.

S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:         July  30  , 2012
cc:           All Counsel of Record
              Hon. J. A. Dickson, U.S.M.J.
              File

---

[7]With respect to the Gutierrez Plaintiff's fraud-based claims, Judge Linares addressed the argument, similarly raised here, that the requirements of Rule 9(b) should be relaxed for circumstances where factual information is exclusively within the opposing party's knowledge or control. The Court found the rule cited by Plaintiffs to be inapplicable under the circumstances, and this Court agrees. As noted by Judge Linares,

> Plaintiffs need only state with particularity the who, what, when and where of the false misrepresentations or omissions made by Defendants based on their familiarity with said misrepresentations as experienced by them in the mortgage transactions . . .

Id. at 25-26 (emphasis added). There, as here, "those facts are both within the Plaintiffs' control and need not be enumerated in every detail or with respect to each and every instance to meet the heightened pleading standard for fraud-based claims." Id. Just as the Gutierrez Plaintiff was not relieved of its obligation to plead claims of fraud with specificity under Rule 9(b), Plaintiffs here will not be so relieved.

[8]As this Court finds that the motion to dismiss should be granted for the reasons herein expressed, the Court declines to address the statute of limitations argument raised by Defendant and addressed by Judge Linares in the Gutierrez opinion. Similarly, this Court declines to address the arguments raised by Defendants concerning abstention.